IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL RUNCIMAN, *individually, on behalf of the Amended and Restated Savings Fund Plan for Employees of 84 Lumber Company, and on behalf of others similarly situated,*<br><br>              Plaintiff,<br>     vs.<br><br>84 LUMBER COMPANY; *et al.*,<br><br>              Defendants. | 2:24-CV-852<br><br>Hon. J. Nicholas Ranjan |

## <u>MEMORANDUM ORDER</u>

On June 27, 2025, Plaintiff Angel Runciman moved to compel production of certain internal documents and communications by non-party NFP Retirement, Inc., ECF 46, and on September 9, 2025, the Magistrate Judge granted Ms. Runciman's motion, ECF 60. NFP has appealed the Magistrate Judge's order to this Court. After considering the extensive briefing (ECF 46, 47, 52, 58, 63, 64, 66, 69) and the relevant law, the Court respectfully disagrees with the Magistrate Judge's order and so reverses.

Essentially, Ms. Runciman seeks to compel NFP's internal investment analysis that it never communicated to 84 Lumber. This information is not properly discoverable, for at least two reasons.

First, the information is not discoverable because the requested materials are not "relevant to any party's claim[s] or defense[s]." Fed. R. Civ. P. 26(b)(1). That is, NFP's communications and advice that was actually communicated to 84 Lumber is clearly relevant, because it goes to whether 84 Lumber made appropriate investment decisions. But what the subpoena asks for is what NFP ***didn't*** communicate to 84 Lumber, and that isn't relevant. What Ms. Runciman really wants is to use NFP as an unretained expert—*i.e.*, compare 84 Lumber's investment decisions against what

NFP internally thought was otherwise prudent. That type of benchmarking is what an expert is for; it's an improper use of a subpoena. *See In re Schaefer*, 331 F.R.D. 603, 609-19 (W.D. Pa. 2019) (Hornak, J.) (quashing subpoena compelling non-party to testify as an unretained expert).

Second, even if the material were discoverable, production of the requested materials would place an undue burden on NFP, considering the seven factors used to balance the interests of the movant and non-party. *See id.* at 608-09 ("A court balancing undue hardship against need for the requested information may consider multiple factors, including the (1) relevance of the requested materials, (2) the party's need for the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the recipient's status as a non-party").[1]

Upon a review of the record, the Court has a "definite and firm conviction that a mistake has been committed," and therefore enters the following order. *Haines v.*

---

[1] (1) The requested materials are not relevant for the reasons stated. (2) Expert discovery is the appropriate pathway for Ms. Runciman to address her need for information 84 Lumber might have uncovered through an investigation. *See In re Schaefer*, 331 F.R.D. at 613. (3) Even Ms. Runciman's narrowed discovery requests, 2(f) and 3(b), remain overbroad. *See* ECF 46 at 20-21 (Requesting all "internal communications or documents regarding Prospectuses for Plan investments. . . and any advice, analysis[,] or other recommendations [NFP] provided regarding comparable alternatives" as well as "documents related to [NFP's] recommendations to [84 Lumber] regarding concerns surrounding the [investment at issue].") (4) The five-year period covered by Ms. Runciman's requests multiplies the already significant burden created by the requests' breadth. (5) The requests are not sufficiently particularized, seeking practically all documents and communications about NFP's prospectuses and alternatives, and all documents related to concerns about the investment option 84 Lumber ultimately chose. (6) Even with the protective order in place, the risk created by requiring NFP to disclose its internal documents would impose a substantial burden on non-party NFP. *See In re EthiCare Advisors, Inc.*, 2020 WL 4670914, at *4 (denying motion to compel based partly on confidential nature of information sought, even with a confidentiality order). (7) While NFP is a fiduciary and consultant to the plan, it is not a party to this action.

*Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), *as amended* (Sept. 17, 1992); *see* 28 U.S.C § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

AND NOW, this 23rd day of December, 2025, it is hereby **ORDERED** that NFP's objections (ECF 63) are **SUSTAINED** and Ms. Runciman's motion (ECF 46) is **DENIED**. That said, the Court finds that NFP's prior proposal during the meet-and-confer process is an appropriate compromise of this dispute, and so, as previously offered, NFP **SHALL PRODUCE** a witness for a deposition solely "on questions pertaining to the fiduciary record;" that deposition shall not get into any NFP internal analysis that was not communicated to 84 Lumber. ECF 52 at 5 n.3.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge